IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELSINA KILPATRICK,

      Plaintiff,                      No. 2:12-cv-01554 MCE KJN PS

      v.

ALLEN MITCHELLE; LUCITA MITCHELLE; and WHISLER LAND CO.,

      Defendants.              ORDER

/

        Plaintiff, who is proceeding without counsel, filed her complaint on June 11, 2012.[1] Presently before the court is plaintiff's application to proceed in forma pauperis (Dkt. No. 2). For the reasons stated below, the undersigned grants plaintiff's application to proceed in forma pauperis, but dismisses her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Such dismissal is without prejudice, and plaintiff is granted leave to file an amended complaint as provided herein.

////

////

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

I.  Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application and declaration make the showing required by 28 U.S.C. §§ 1915(a)(1) and 1915(2). Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

II.  Screening of Plaintiff's Complaint

A.  General Screening Standards

The determination that a plaintiff may proceed in forma pauperis does not complete the inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to the "notice pleading" standards. See, e.g., Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). The notice pleading standards are codified, in part, in Federal Rule of Civil Procedure 8(a), which provides:

////

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
>
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Additionally, a complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to relief that is plausible on its face.'" See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949). The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See, e.g., Lopez, 203 F.3d at 1130-31.

B.   Plaintiff's Complaint

Plaintiff's complaint appears to concern a housing dispute between plaintiff and the landlords and property management company that own or operate the apartment complex in

1  which plaintiff lives.  Specifically, it appears that plaintiff has received a "Warning Notice" about
2  her service dog, Jack, a pitbull breed, who has allegedly been running around the common area of
3  the complex without a leash.  (See Warning Notice, attached to Compl.)  In its entirety, plaintiff
4  alleges the following:

> My dog Jack is a service dog.  I moved with him 5 years ago.  Without [sic] I couldn't be independent and that means so much to me.  My dog make [sic] me aware of my seizures coming.  I can't smell due [sic] brain surgery and I have memory prombles [sic].  This cause me lots of stress."

8  (Compl. at 2.)  Attached to the complaint are documents including: (1) two copies of the above-
9  described Warning Notice; (2) a "Certification of Qualified Guide, Signal, or Service Dog"
10 pertaining to Jack; (3) a lease addendum concerning the use of animals including service dogs;
11 (4) a handwritten note apparently signed by plaintiff's neighbors, which states that Jack is on a
12 leash and is not threatening.

13        The undersigned dismisses plaintiff's complaint for failure to meet the pleading
14 standards set forth in Federal Rule of Civil Procedure 8(a).  First, plaintiff's complaint does not
15 include "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(3).  It is entirely unclear from
16 plaintiff's complaint what relief plaintiff seeks through this lawsuit, and the Civil Cover Sheet
17 does not list any demand.

18        Second, and more critically, plaintiff failed to plead "a short and plain statement
19 of the grounds for the court's jurisdiction," without which her lawsuit cannot proceed in federal
20 court.  Fed. R. Civ. P. 8(a)(1).  Federal district courts are courts of limited jurisdiction that "may
21 not grant relief absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal
22 court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively
23 appears."  A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and quotation
24 marks omitted); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it
25 lacks subject matter jurisdiction, the court must dismiss the action.").
26 ////

Generally, original federal subject matter jurisdiction may be premised on two grounds: (1) federal question jurisdiction, or (2) diversity jurisdiction. District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1091 (9th Cir. 2009). District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332.

Plaintiff's complaint does not allege a basis for this court's subject matter jurisdiction. Her Civil Cover Sheet suggests that plaintiff's claim might be a civil rights claim or a claim brought pursuant to the American With Disabilities Act, 42 U.S.C. §§ 12101 et seq., the latter of which would provide this court with subject matter jurisdiction. But plaintiff has checked several boxes on the Civil Cover Sheet, including a box for a personal property damage lawsuit, rendering the nature of plaintiff's lawsuit unclear. Accordingly, the complaint is dismissed for lack of a sufficient allegation regarding subject matter jurisdiction. However, this dismissal is without prejudice, and plaintiff is granted leave to file an amended complaint that alleges a basis for this court's subject matter jurisdiction. If plaintiff does not believe that she

5

can state a good faith basis for this court's subject matter jurisdiction, she should dismiss this case without prejudice and file the case in state court. Plaintiff must also state what relief she is seeking by way of this lawsuit.

Plaintiff is granted leave to file an amended complaint within 45 days of the date of this order. Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Eastern District Local Rule 220 requires that an amended complaint be complete in itself. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Accordingly, once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Defendants not named in an amended complaint are no longer defendants. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). "If a plaintiff fails to include dismissed claims in an amended complaint, the plaintiff is deemed to have waived any error in the ruling dismissing the prior complaint." N.Y. City Employees' Retirement Sys. v. Jobs, 593 F.3d 1018, 1024-25 (9th Cir. 2010).

III.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's application for leave to proceed in forma pauperis (Dkt. No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend.

3. Plaintiff is granted 45 days from the entry of this order to file an amended complaint that is complete in itself. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an

////

////

////

amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

IT IS SO ORDERED.

DATED: June 25, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE